UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN RAMIREZ by and through § <br> ERIC RAMIREZ, Administrator, § <br> Individually and in his Representative § <br> Capacity on Behalf of the Estate of § <br> Jonathan Ramirez, Deceased, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> BEXAR COUNTY, TEXAS; § <br> AMADEO ORTIZ, Bexar County Sheriff, § <br> in his Official and Individual Capacities; § <br> BEXAR COUNTY SHERIFF'S OFFICE; § <br> UNKNOWN, UNNAMED OFFICERS/ § <br> EMPLOYEES OF THE BEXAR COUNTY § <br> SHERIFF'S OFFICE, Individually and § <br> Officially,[1] § <br> § <br> Defendants. § | CIVIL ACTION NO. <br><br> SA-10-CV-0296 FB (NN) |

**REPORT AND RECOMMENDATION**

**TO:    Honorable Fred Biery**
**      Chief United States District Judge**

This report and recommendation addresses the defendants' motion to dismiss.[2] I have jurisdiction to issue this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or recommendation,

---

[1]Although the plaintiffs omitted Bexar County Sheriff's Office from the caption of their complaint, the complaint listed Bexar County Sheriff's Office as a defendant. The plaintiffs named Bexar County Sheriff's Office as a defendant in paragraph 3b of the complaint. A summons was issued for Bexar County Sheriff's Office (docket entry # 10), and Bexar County Sheriff's Office joined in the motion now before the court. Accordingly, Bexar County Sheriff's Office is included in the caption of this report and recommendation.

[2]Docket entry # 13.

where statute constrains my authority.[3] The district court has jurisdiction over this case because it involves questions of federal law.

**Nature of the case**. This case arose from the suicide of a Bexar County Jail inmate—decedent Jonathan Ramirez. Jonathan's father—plaintiff Eric Ramirez—brought this lawsuit on Jonathan's behalf and on his own behalf. As defendants, the plaintiffs named Bexar County, Bexar County Sheriff's Office, Sheriff Amadeo Ortiz, and unknown sheriff's office employees (together, the defendants). The plaintiffs alleged violations of constitutional rights under 42 U.S.C. § 1983, racial discrimination under 42 U.S.C. § 1981, and state-law negligence. The defendants moved to dismiss the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Standard for a Motion to Dismiss**. A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[4]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5]

When considering a motion to dismiss, if the motion appears meritorious and a more carefully drafted complaint might cure any deficiencies, the district court must first "give the plaintiff an

---

[3]Docket entry # 14.

[4]Fed. R. Civ. P. 12(b)(6).

[5]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

opportunity to amend his complaint, rather than dismiss it . . . ."[6]

**Claims against Sheriff Ortiz**. The plaintiffs sued Sheriff Ortiz in his individual and official capacities. The defendants asked for dismissal of the claims against Sheriff Ortiz in his official capacity under the rule from *Kentucky v. Graham*.[7] In that opinion, the Supreme Court explained that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."[8] The plaintiffs named the government entity—Bexar County—as a defendant; thus, the plaintiffs look to the government entity itself. Consequently, Sheriff Ortiz in his official capacity is not a proper defendant under *Graham* and claims against him in his official capacity should be dismissed.

As for claims against Sheriff Ortiz in his individual capacity, the defendants asked for dismissal because the plaintiffs did not allege that Sheriff Ortiz was personally involved in the acts causing the alleged deprivation or allege a causal connection between Sheriff Ortiz's actions and the alleged deprivation. "'To be liable under section 1983, a sheriff must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the sheriff and the constitutional violation sought to be redressed.'"[9]

> A causal connection may be established, for section 1983 purposes, where the constitutional deprivation and practices occur as a result of the implementation of the sheriff's affirmative wrongful policies by his subordinates, or where the sheriff

---

[6]*Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

[7]Docket entry # 13, p. 4-5.

[8]*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[9]*Irby v. Sullivan*, 737 F.2d 1418, 1425 (5th Cir. 1984) (citation omitted).

wrongfully breaches an affirmative duty specially imposed upon him by state law, and as a result thereof, the complained of constitutional tort occurs.[10]

The plaintiffs have made no factual allegations that indicate Sheriff Ortiz was personally involved in the acts causing the alleged deprivation of Jonathan's constitutional rights. In addition, the plaintiffs have not alleged a causal connection between an act by Sheriff Ortiz and the alleged constitutional violation, except for generally asserting that Sheriff Ortiz "authorized and ratified the individual Defendants' wrongful acts."[11]

The plaintiffs, however, assert that they expect to obtain discovery indicating that Sheriff Ortiz was personally aware that Jonathan contemplated suicide during his incarceration or that Sheriff Ortiz personally directed a particular action be taken towards or involving Jonathan during his incarceration, and asked for the opportunity to amend their complaint.[12] Because discovery might support factual allegations indicating Sheriff Ortiz was personally involved in the acts causing the alleged deprivation of Jonathan's constitutional rights, or a causal connection between an act by Sheriff Ortiz and the alleged constitutional violation, a more carefully drafted complaint might cure the plaintiffs' pleading deficiency. Thus, the plaintiffs should be given the opportunity to amend their complaint to add allegations that state a claim against Sheriff Ortiz in his individual capacity.

**Claims against the Bexar County Sheriff's Office**. The defendants asked for dismissal of the claims against Bexar County Sheriff's Office on grounds that it is not a jural entity capable

---

[10]*Irby*, 737 F.2d at 1425 (internal citations omitted).

[11]Docket entry # 1, ¶ 26.

[12]Docket entry # 21, p. 9.

of being sued.[13]

> The capacity of an entity . . . to sue or to be sued is "determined by the law of the state in which the district court is held." In order for a plaintiff to sue a department . . . , that department must enjoy a separate legal existence. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued.[14]

Bexar County is a "corporate and political body,"[15] but "[t]he Sheriff's Department is a law enforcement agency organized and existing as a departmental subdivision of [Bexar] County, Texas."[16] Bexar County has not given the Sheriff's Office jural authority. As such, the Bexar County Sheriff's Office lacks the capacity to sue or be sued. The claims against the Bexar County Sheriff's Office should be dismissed.

**Section 1981 claim**. The defendants asked for dismissal of the plaintiffs' section 1981[17]

---

[13]Docket entry # 13, p. 5.

[14]*Paredes v. City of Odessa*, 128 F. Supp.2d 1009, 1013 (W.D. Tex. 2000) (internal citations omitted).

[15]Tex. Local Gov't Code § 71.001 (Vernon 2008).

[16]*Magnett v. Dallas County Sheriff's Dep't*, No. 3-96-CV-3191-BD, 1998 U.S. Dist. LEXIS 1110 (N.D. Tex. Jan. 20, 1998). *See* Tex. Code Crim. P. Ann. art. 2.17 (Vernon 2005) ("Each sheriff shall be a conservator of the peace in his county, and shall arrest all offenders against the laws of the State, in his view or hearing, and take them before the proper court for examination or trial. He shall quell and suppress all assaults and batteries, affrays, insurrections and unlawful assemblies. He shall apprehend and commit to jail all offenders, until an examination or trial can be had.").

[17]That provision provides as follows: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).

claim because no factual allegations in the complaint allege the intent to discriminate on the basis of race.[18] "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute."[19] As to these elements of proof, the plaintiffs allege only that Jonathan is "an individual of Hispanic origin."[20] This allegation is insufficient to state a claim under section 1981 because it does not allege discriminatory intent on the basis of race or identify an activity protected by section 1981. Although the plaintiffs suggested in their response to the motion to dismiss that the allegations in various paragraphs of the complaint were motivated by racial animus,[21] nothing about those allegations suggest racial animus. Instead, the relied-upon allegations suggest conduct motivated by animus based on mental illness.[22] The defendants are entitled to dismissal of the section 1981 claim.

**Section 1983 claim premised on violation of the First Amendment**. The plaintiffs alleged that the defendants "depriv[ed Jonathan] of his right to the continued companionship and association of his familial relationship, without due process of law, in violation of the First Amendment (as this has been made applicable to these Defendants by the Fourteenth

---

[18]Docket entry # 13, p. 12.

[19]*Green v. St. Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).

[20]Docket entry # 1, ¶ 9.

[21]Docket entry # 21, p. 12.

[22]Docket entry # 1, ¶¶ 22e (alleging unknown detention guards knew of Jonathan's "delicate mental state") & 24 (alleging that the detention officers "proceeded to exploit decedent's sensitive mental state by harassing, teasing and attacking him).

Amendment) to the United States Constitution."[23] The defendants asked the court to dismiss this claim because the plaintiffs provided no basis for the claim.[24]

"Family relationships" are subject to constitutional protection.[25] "Choices about marriage, family life, and the upbringing of children are among associational rights [the Supreme] Court has ranked as 'of basic importance in our society,' rights sheltered by the Fourteenth Amendment against the State's unwarranted usurpation, disregard, or disrespect."[26] Although family relationships are constitutionally protected, "[n]ot every . . . [government] act that results in an interference with the rights of intimate association is actionable. [T]o rise to the level of a constitutional claim, the defendant must direct his . . . conduct at the intimate relationship with knowledge that the . . . conduct will adversely affect that relationship."[27] In this case, the plaintiffs did not allege that the defendants' conduct was directed at Jonathan's intimate relationship with his family with knowledge that the conduct would adversely affect that relationship. Because nothing in the complaint, or the plaintiffs' response to the motion to dismiss, suggests that the alleged conduct was directed at depriving Jonathan of familial relationships, the district court need not give the plaintiffs an opportunity to re-plead to cure this deficiency. The defendants are entitled to dismissal of the claim.

**Section 1983 claim premised on Fifth Amendment violation**. The plaintiffs alleged

---

[23]Docket entry # 1, ¶ 36d.

[24]Docket entry # 13, p. 12.

[25]*See Kipps v. Caillier*, 205 F.3d 203, 206 (5th Cir. 2000).

[26]*M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996).

[27]*Griffin v. Strong*, 983 F.2d 1544, 1548 (10th Cir. 1993).

generally that the defendants acted under color of state law and "deprived Plaintiff's decedent of the rights, privileges and immunities secured by the Constitution and laws of the United States, including those rights secured by the . . . Fifth . . . Amendment[], made applicable to the Defendants . . . through the Fourteenth Amendment . . . ."[28]  The defendants asked the court to dismiss this claim because the Fifth Amendment protects only federal actors, not state actors. The defendants are correct—"the Fifth Amendment applies only to the actions of the federal government,"[29] not local state actors.  Because the plaintiffs pleaded state action, not federal action, the defendants are entitled to dismissal of the Fifth Amendment claim.

**Section 1983 claim premised on Eighth Amendment violation**.  The plaintiffs alleged that the defendants acted under color of state law and "deprived Plaintiff's decedent of the rights, privileges and immunities secured by the Constitution and laws of the United States, including those rights secured by the . . . Eighth . . . Amendment[], made applicable to the Defendants . . . through the Fourteenth Amendment . . . by depriving JONATHAN RAMIREZ of his life without due process of law, in violation of the . . . Eighth . . . Amendment[] to the United States Constitution."[30]  The defendants asked the court to dismiss the Eighth Amendment claim because they are not the entity responsible for providing medical care.

The Eighth Amendment protects an inmate from deliberate indifference of a serious

---

[28]Docket entry # 1, ¶ 36.

[29]*Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[30]Docket entry # 1, ¶ 36.

medical need.[31]  The plaintiffs complained that the defendants' failure to adequately monitor Jonathan and keep potentially harmful property out of Jonathan's possession constituted deliberate indifference to Jonathan's medical needs,[32] and that the unknown defendant jail employees failed "to provide prompt psychiatric assessment and treatment for suicidal detainees."[33]  However, the complaint fails to specify what actions or omissions deprived Jonathan of his constitutional right to medical care.  In the interests of justice I recommend that rather than dismiss the claim, plaintiffs be given the opportunity to replead their claim, mindful of who provides medical care for Bexar County Jail inmates, and to identify the proper defendant for such a claim in their amended pleading.

**Other section 1983 claims**.  What remains of the plaintiffs' section 1983 claims are allegations that the defendants violated Jonathan's rights under the Fourth, Eighth, and Fourteenth Amendments.  The defendants asked for dismissal of these claims because the plaintiffs failed to allege any specific violation reflecting that a policy or custom established by the Sheriff's Office was the moving force of the alleged violation.[34]  In the interests of justice I recommend that plaintiffs be given the opportunity to replead to correct this deficiency and to specifically allege whether plaintiff/decedent was a pretrial detainee or convicted prisoner at the time of the events in question.  Plaintiffs are reminded that the Fourth Amendment prohibits the

---

[31] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

[32] Docket entry # 1, ¶ 24.

[33] Docket entry # 1, ¶ 29b.

[34] Docket entry # 1, p. 7.

9

use of unreasonable force against arrestees and other seized individuals,[35] the Due Process Clause protects pretrial detainees from excessive force amounting to punishment,[36] and the Eighth Amendment protects convicted prisoners from cruel and unusual punishment.[37]

**State law negligence**.  The defendants asked the court to dismiss the negligence claims against Bexar County because the county is not a person or a corporation under Texas's Wrongful Death Act.[38]

> The Wrongful Death Act sets forth the circumstances under which a "person" may be liable for an injury that causes an individual's death.  The word "person" is specifically defined to include "an individual, association of individuals, joint-stock company, or corporation or a trustee or receiver of an individual, association of individuals, joint-stock company, or corporation."  The term "corporation" is further defined to exclude ". . . a county or a common or independent school district."  [T]he plain wording of the statute makes it clear that a county may not be sued for wrongful death under the Wrongful Death Act.[39]

Thus, the negligence claim against Bexar County should be dismissed because the county is not a person or corporation under the Texas Wrongful Death Act.

---

[35] *Graham v. Connor*, 490 U.S. 386, 388 (1989) (stating that a claim that a law enforcement officer used excessive force in making an arrest, investigatory stop, or other "seizure" of a person, is properly analyzed under the Fourth Amendment's "objective reasonableness" standard).

[36] *Graham*, 490 U.S. at 395 n.10 ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

[37] *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (identifying the Eighth Amendment Cruel and Unusual Punishments Clause as the source of a convicted prisoner's protection against the use of excessive physical force).

[38] Eric Ramirez brought his claims under the Texas Wrongful Death Act.  *See* docket entry 3 1, ¶ 8.

[39] *County of El Paso v. Dorado*, 33 S.W.3d 44, 46 (Tex. App.—El Paso 2000, no pet.).

Bexar County "may nonetheless be sued . . . under the Tort Claims Act."[40] The plaintiffs rely on that statute.[41] As to that claim, the defendants asked for dismissal based on official immunity grounds. "Section 101.021(2) of the Texas Tort Claims Act waives governmental immunity for death caused by a use of tangible personal property."[42] The defendants argued that they cannot be liable for merely allowing someone to use tangible property that is not inherently unsafe. "A governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more."[43] The plaintiffs did not allege that the defendants used the sheet Jonathan used to hang himself. Instead, they alleged that they failed to remove the bed sheets from Jonathan's detention cell.[44] Because the plaintiffs failed to allege that Jonathan's death was caused by the defendants' use of property, the County is immune from suit.[45]

**Recommendation**. For the above reasons, I recommend the District Court grant the defendants' motion (docket entry # 13) to the following extent:

    a. Dismiss the claims against Sheriff Ortiz in his official capacity because the proper defendant as to those claims is the County;

    b. Dismiss the claims against Bexar County Sheriff's Office because the office lacks the

---

[40] *See Dorado*, 33 S.W.3d at 46.

[41] Docket entry # 1, ¶ 1.

[42] *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245 (Tex. 2004).

[43] *Cowan*, 128 S.W.3d at 246.

[44] Docket entry # 1, ¶ 29e.

[45] *Cowan*, 128 S.W.3d at 247 ("Because respondents failed to allege that Cowan[']s death was caused by the Hospital[']s use of property, its immunity is not waived by section 101.021(2).").

capacity to be sued;

    c.  Dismiss the section 1981 claim because the plaintiffs did not allege conduct based on racial animus;

    d.  Dismiss the First Amendment claim because the plaintiffs did not allege conduct directed toward depriving Jonathan of familial relationship;

    e.  Dismiss the Fifth Amendment claim because the plaintiffs did not allege federal action;

    f.  Dismiss the state-law negligence claim brought against Bexar County under the Texas Wrongful Death Act because the county is not a person or corporation; and

    g.  Dismiss the state-law negligence claim brought against Bexar County under the Texas Tort Claims Act because the county is immune from suit.

If the District Court accepts this recommendation, I will direct plaintiffs to file an amended complaint and specifically to:

    a.  Replead to state the proper legal theories for the failure-to-protect and excessive-use-of-force claims,

    b.  Replead to include allegations sufficient to establish a causal connection between the alleged constitutional violations and Sheriff Ortiz in his individual capacity,

    c.  Replead to state a basis for a Eighth Amendment medical claim, and

    d.  Replead to delete any claims and/or defendants dismissed by the District Court.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[46]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[47]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[48]

**SIGNED** on June 21, 2010.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[46] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[47] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[48] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).