## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHAN RAMIREZ by and through** | § | |
| **ERIC RAMIREZ, Administrator,** | § | |
| **Individually and in his Representative** | § | |
| **Capacity on Behalf of the Estate of** | § | |
| **Jonathan Ramirez, Deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BEXAR COUNTY, TEXAS;** | § | **SA-10-CV-0296 FB (NN)** |
| **AMADEO ORTIZ, Bexar County Sheriff,** | § | |
| **in his Individual Capacity;** | § | |
| **UNKNOWN, UNNAMED OFFICERS/** | § | |
| **EMPLOYEES OF THE BEXAR COUNTY** | § | |
| **SHERIFF'S OFFICE, Individually and** | § | |
| **Officially; BEXAR COUNTY HOSPITAL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendants.** | § | |

## SECOND REPORT AND RECOMMENDATION

**TO:    Honorable Fred Biery**
**        Chief United States District Judge**

This report and recommendation addresses the pending motions to dismiss.[1]  I have

jurisdiction to issue this report and recommendation under 28 U.S.C. § 636(b) and the district

court's order referring all pretrial matters to me for disposition by order or recommendation,

where statute constrains my authority.[2]  The district court has jurisdiction over this case because

it involves a question of federal law.

_____

[1]Docket entry #s 37 & 38.

[2]Docket entry # 14.

**Background of the case**.  This case arose from the suicide of a Bexar County Adult Detention Center (the Jail) inmate—decedent Jonathan Ramirez.  Jonathan's father—plaintiff Eric Ramirez—brought this lawsuit on Jonathan's behalf and on his own behalf.  As defendants, the plaintiffs originally named Bexar County (the County), Bexar County Sheriff's Office, Sheriff Amadeo Ortiz, and unknown sheriff's office employees.[3]  Since that time, the defendants moved to dismiss the plaintiffs' claims.[4]  In my first report and recommendation, I recommended dismissing certain claims and permitting the plaintiffs to amend the complaint.[5]  During the pendency of my report, the plaintiffs amended the complaint to add Bexar County Hospital District (the Hospital) as a defendant and to drop Bexar County Sheriff's Office.[6]

The currently-named defendants filed the pending motions to dismiss the claims in the first amended complaint.  After accepting my recommendations, the district court instructed the plaintiffs to replead to conform to the recommendations in my report.[7]  The plaintiffs represented that they had incorporated my recommendations in the first amended complaint.[8]  That has not entirely been accomplished.  Consequently, a second report is needed to address the pending motions.  Because the theory of liability in the first amended complaint is unclear, and because the plaintiffs' response to the pending motions focuses in large part on discovery, this report and

---

[3]Docket entry # 1.

[4]Docket entry # 13.

[5]Docket entry # 23.

[6]Docket entry # 33.

[7]Docket entry # 45.

[8]Docket entry # 46, ¶ 13.

recommendation focuses on the legal bases for the claims as to each defendant.

**The County's motion to dismiss.**  The County asked for dismissal of all claims. The standards applicable to the County's motion are set forth in my first report and recommendation.[9] The first amended complaint purports to state a claim under section 1983 for violation of decedent Jonathan Ramirez's rights under the Fourth, Eighth and Fourteenth Amendments.[10] Because the first amended complaint indicates Jonathan was incarcerated pursuant to conviction,[11] no basis exists for a Fourth Amendment claim.[12]  To the extent the first amended complaint alleges a violation of the Fourth Amendment, that claim should be dismissed.  Because the first amended complaint does not indicate Jonathan was a pretrial detainee, no basis exists for a Fourteenth Amendment claim.[13]  To the extent the first amended complaint alleges a violation of the Fourteenth Amendment, that claim should be dismissed.  Because the first amended complaint indicates Jonathan was incarcerated pursuant to conviction, and because it alleges cruel and unusual punishment—based on an alleged failure to protect Jonathan from himself, the

---

[9]Docket entry # 23.

[10]The first amended complaint also refers to section 1986, *see* docket entry # 33, p.1,  but the plaintiffs have indicated that claim was a drafting error, *see* docket entry # 42, p. 7.

[11]Docket entry # 33, ¶ 18 (stating that Jonathan served time at the Bexar County Adult Detention Center for an offense).

[12]*See Graham v. Connor*, 490 U.S. 386, 388 (1989) (stating that a claim that a law enforcement officer used excessive force in making an arrest, investigatory stop, or other "seizure" of a person, is properly analyzed under the Fourth Amendment's "objective reasonableness" standard).  The plaintiffs have not alleged the use of excessive force in making an arrest, investigatory stop, or other "seizure."

[13]*Graham*, 490 U.S. at 395 n.10 ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

failure to provide appropriate medical treatment, and the use of force—a legal basis exists for an Eighth Amendment claim.[14]

Relying on *Piotrowski v. City of Houston*,[15] the County maintains the Eighth Amendment claim should be dismissed for failing to identify an official policy or custom that served as the moving force for the deprivation of Jonathan's rights.[16]  *Piotrowski* does not require the plaintiffs to identify a particular official policy or custom at this point.  Instead, *Piotrowski* requires the plaintiffs to prove at trial "three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[17]  To survive a motion to dismiss, the plaintiffs need only plead "enough facts to state a claim to relief that is plausible on its face."[18]  The plaintiffs met this burden by alleging that the County's "wrongful conduct was the result of policies, practices, and customs of the police officers and/or detention officers employed at the [Jail] . . . who failed to take appropriate preventive measures for inmates with

---

[14]*See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (determining "that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (explaining that the core judicial inquiry for an inmate's Eighth Amendment claim of excessive physical force by a prison official is whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (stating that a custodian's deliberate indifference to serious medical needs of a prisoner states a claim under the Eighth Amendment's prohibition against cruel and usual punishment).

[15]237 F.3d 567 (5th Cir. 2001).

[16]Docket entry # 37, pp. 11-14.

[17]*Piotrowski*, 237 F.3d at 578.

[18]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

suicidal tendencies or ideation, resulting in deliberate indifference to the safety and well-being of inmates such as PLAINTIFF'S decedent."[19]

The County also complained that the first amended complaint falls short of the high standard required for inmate-suicide claims,[20] but the County's authority—*Domino v. Texas Department of Criminal Justice*[21]—supports, rather than undermines, the plaintiffs' claims.  In *Domino*, the Fifth Circuit stated that a plaintiff alleging deliberate indifference to an inmate's serious medical needs must show that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[22]  The first amended complaint alleges that the County failed to: (1) "protect and provide medical care to JONATHAN RAMIREZ on a multitude of occasions. . . ;"[23] (2) "train, supervise and equip police and/or detention officers, in the provision of medical care and the protection of inmates, specifically those with well documented mental illness conditions who also exhibit suicidal tendencies, such as PLAINTIFF'S decedent, JONATHAN RAMIREZ;"[24] and (3) "protect and properly monitor JONATHAN RAMIREZ, an inmate with ***known*** suicidal ideations and chronic

---

[19]Docket entry # 33, ¶ 31.

[20]Docket entry # 37, pp. 13-14.

[21]*Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752 (5th Cir. 2001).

[22]*Domino*, 239 F.3d at 756 (internal citation omitted).

[23]Docket entry # 33, ¶ 14.

[24]*Id*. at  ¶ 15.

mental illnesses. . . ."[25]   In addition, the first amended complaint alleged that: (1) "[u]pon his arrival at the [Jail], JONATHAN RAMIREZ was evaluated and assessed as being bipolar, having a seizure disorder, and being suicidal;"[26] (2) despite that assessment, "JONATHAN RAMIREZ never received formal psychiatric evaluation nor was he placed in a consistent regimen for the taking of his anti-seizure and other mental-illness oral medications, medications he needed daily to help him control his mood swings and erratic behavior;"[27] and (3) Jonathan "voiced his intentions of killing himself to the DEFENDANTS barely three months prior to his death—and his pleas for help were ignored."[28]   These allegations claim the County refused to treat Jonathan, ignored Jonathan's complaints, intentionally treated Jonathan incorrectly, and engaged in conduct evincing a wanton disregard for Jonathan's serious medical needs.  As such, the allegations are sufficient to survive a motion to dismiss.

I previously recommended dismissing the plaintiffs' state law negligence claims under the Texas Wrongful Death Act and the Texas Tort Claims Act,[29] and the plaintiffs represented they conformed the first amended complaint to that recommendation, but the first amended complaint includes the negligence claims.  The district court has since dismissed the claim.[30]  To the extent the plaintiffs seek to avoid that result by alleging Jonathan's death resulted from the

---

[25]*Id.* at ¶ 12.

[26]*Id.* at ¶ 19.

[27]*Id.*

[28]*Id.* at ¶ 20.

[29]Docket entry # 23, pp. 10-12.

[30]Docket entry # 45.

"non-use of more secure facilities to house suicidal inmates,"[31] that allegation does not overcome

the County's immunity.  "Section 101.021(2) of the Texas Tort Claims Act [TTCA] waives

governmental immunity for death caused by a use of tangible personal property."[32]  "The TTCA

requires that property be 'used' for the waiver to apply; mere non-use of property cannot support

a claim under the TTCA."[33]  Because allegations about the non-use of more secure facilities are

"not based upon the use of tangible, personal property, they do not fall within the TTCA's waiver

of immunity."[34]  The plaintiffs' negligence claims should be dismissed.

Finally, the County asked for dismissal of the claims against Sheriff Ortiz in his

individual capacity.[35]  The County complains that the first amended complaint includes no

allegation that Sheriff Ortiz personally directed any action be taken toward or involving Jonathan

during his incarceration.[36]  "'To be liable under section 1983, a sheriff must be either personally

involved in the acts causing the deprivation of a person's constitutional rights, or there must be a

causal connection between an act of the sheriff and the constitutional violation sought to be

redressed.'"[37]  The plaintiffs' original complaint included no factual allegations about personal

---

[31]Docket entry # 33, ¶ 46.

[32]*San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245 (Tex. 2004).

[33]*Holleman v. Vadas*, No. 04-05-00875-CV, 2007 Tex. App. LEXIS 2756, at * 5 (Tex. App.—San Antonio Apr. 11, 2007, pet. denied).

[34]*Id*.

[35]The claims against Sheriff Ortiz in his official capacity have already been dismissed. *See* docket entry # 45, p. 4.

[36]Docket entry # 37, p. 9.

[37]*Irby v. Sullivan*, 737 F.2d 1418, 1425 (5th Cir. 1984) (citation omitted).

involvement by Sheriff Ortiz.  Because discovery might produce some evidence indicating Sheriff Ortiz was personally involved or establishing a causal connection between an act by Sheriff Ortiz and the alleged constitutional violation, I recommended allowing the plaintiffs to amend their complaint to add allegations stating a claim against Sheriff Ortiz in his individual capacity.[38]  Since that time, the County made its initial disclosures, including reports about Jonathan's incarceration.[39]  Despite the discovery, the allegations in the first amended complaint do not overcome the initial pleading deficiency.  The first amended complaint alleges generally that Sheriff Ortiz's "actions and/or inactions demonstrate a deliberate indifference to JONATHAN RAMIREZ' constitutional right to reasonable care (including proper care of his serious medical needs), protection and supervision during his incarceration,"[40] but it does not identify an action or inaction by Sheriff Ortiz suggesting personal involvement or a casual connection with Jonathan's death.  Instead, the complaint focuses on the actions or inactions of unknown unnamed Jail employees.[41]  The plaintiffs included a two-page table of incidents that occurred during Jonathan's incarceration, but no incident reflects Sheriff Ortiz's personal involvement.  Having already repleaded, no reason exists to permit the plaintiffs to replead in regard to Sheriff Ortiz.  The claims against Sheriff Ortiz in his individual capacity should be dismissed.

      **The Hospital's motion to dismiss.**  The Hospital first asked for a more definite

---

[38]Docket entry # 23, p. 4.

[39]Docket entry # 37, pp. 8-9.

[40]Docket entry # 33, ¶ 13.

[41]Docket entry # 33, ¶¶ 21-34.

statement.  Rule 12(e) of the Federal Rules of Civil Procedure permits a defendant to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Although the Hospital complained that the first amended complaint is so vague and ambiguous that it cannot frame a responsive pleading,[42] the complaint is specific enough for the Hospital to answer.  The Hospital seeks more detail about the plaintiffs' allegations, but "[s]pecific facts are not necessary; the [complaint] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[43]  The following allegations provide the Hospital with fair notice of the plaintiffs' claims and the legal bases for the plaintiffs' claims:

> (1) The Hospital "fail[ed] to provide prompt psychiatric assessment and medical treatment for suicidal inmates, from the time of intake throughout the time the inmate is in the custody and control of the DEFENDANTS;"[44]

> (2) The Hospital fail[ed] to issue proper medical attention including proper medications due to JONATHAN RAMIREZ' multiple medical conditions and mental health issues for which he was supposed to be treated;"[45]

> (3) The Hospital deprived Jonathan of his rights by "subjecting JONATHAN RAMIREZ to cruel, unusual and excessive punishment, without due process of law, by depriving him of proper medical care/treatment, in violation of the Eighth . . . Amendment[] . . . ;"[46] and

> (4) The Hospital failed to act as reasonable person would have acted in the same

---

[42]Docket entry # 38, ¶ 1.1.

[43]*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) (*Bell's* citations omitted).

[44]Docket entry # 33, ¶ 34b.

[45]*Id*. at  ¶ 34f.

[46]*Id*. at ¶ 39b.

> or similar circumstances in that they were consciously indifferent to the
> PLAINTIFF decedent's serious medical needs and this sustained indifference over
> a period of time led to the death of JONATHAN RAMIREZ. . . ."[47]

Because the Hospital can answer to these allegations, the Hospital's motion for more definite

statement should be denied.

The Hospital also asked for dismissal of the plaintiffs' claims, arguing the claims lack an

arguable basis for recovery.[48]  In some respects the Hospital is correct.  Because most of the

allegations are stated in terms of "DEFENDANTS," the first amended complaint does not

distinguish the claims against the Hospital from the claims against the other defendants.

Reasonably construed, the first amended complaint states a cause of action for the violation of

the Eighth Amendment's right to be free from cruel and unusual punishment, based on an alleged

failure to provide psychiatric treatment to Jonathan.  Although no reasonable basis exists for

construing the complaint to state an Eighth Amendment claim based on an alleged use of

excessive force, the first amended complaint does not clearly associate that claim with the other

defendants.  To the extent the plaintiffs seek to hold the Hospital liable for an excessive use of

force, that claim should be dismissed.

Like the County, the Hospital complained that the plaintiffs failed to allege any specific

policy or custom serving as the moving force for the deprivation of Jonathan's rights.[49]  As a

hospital district established under Texas law to provide medical and hospital care to the indigent

---

[47]*Id*. at ¶ 39e.

[48]Docket entry # 38, ¶ 2.1.

[49]Docket entry # 38, ¶ 2.4.

community,[50] the Hospital is a local governmental entity that can be sued under section 1983.  As

such, the Hospital can be held liable only if the alleged constitutional deprivation was caused by

its policy, custom or practice.[51]  Ultimately, the plaintiffs must prove trial: "a policymaker; an

official policy; and a violation of constitutional rights whose 'moving force' is the policy or

custom,"[52] but for now, the plaintiffs must plead enough facts to state a claim to relief that is

plausible on its face.  The plaintiffs alleged that the wrongful conduct that caused Jonathan's

death "was the result of policies, practices, and customs of the police officer and/or detention

officer employed at the [Jail], including [the Hospital's] medical personnel, who failed to take

appropriate preventive measures for inmates with suicidal tendencies or ideation, resulting in

deliberate indifference to the safety and well-being of inmates such as [Jonathan]."[53]  Coupled

with the allegations quoted above, this allegation is sufficient to meet the plaintiffs' burden to

plead enough facts to state an Eighth Amendment medical claim that is plausible on its face.  No

basis exists to dismiss the Eighth Amendment claim for deliberate indifference to Jonathan's

serious medical needs.

    Out of caution, the Hospital asked for dismissal of the plaintiffs' negligence claim, but

there is no reasonable basis for construing the first amended complaint as alleging a negligence

claim against the Hospital.  The allegations supporting the plaintiffs' negligence claim center on

---

[50]*Id*. at ¶ 2.1.

[51]*Los Angeles County v. Humphries*, No. 09-350, 2010 WL 4823681, at * 6 (U.S. Nov. 30, 2010).

[52]*Piotrowski*, 237 F.3d at 578.

[53]Docket entry # 33, ¶ 31.

the use of tangible property.  In particular, the plaintiffs complained about: providing Jonathan the means to hang himself and the failure to provide more secure facilities to house suicidal inmates.  Although the failure to issue proper medical attention is included in the negligence allegations, that allegation is not the focus of the claim.  The negligence claims does not associate a use of property with the Hospital.  No basis exists in the first amended complaint for a negligence claim against the Hospital.

**Recommendation**.  I recommend GRANTING the County's motion (docket entry # 37) to the following extent and DENYING the motion in all other respects:

a.  Dismiss the Fourth Amendment and Fourteenth claims.

b.  Dismiss the claims against Sheriff Ortiz in his individual capacity.

I recommend GRANTING the Hospital's motion (docket entry # 38) to dismiss any Eighth Amendment claim against the Hospital based on an alleged use of excessive force and DENYING the motion in all other respects.

If the district court accepts these recommendations, the following claims will remain:

a.  An Eighth Amendment claim against the County, based on an alleged failure to protect Jonathan from himself, the failure to provide appropriate medical treatment, and the use of excessive force.

b.  An Eighth Amendment claim against the Hospital, for deliberate indifference to Jonathan's serious medical needs.

c.  The Eighth Amendment claims against unknown sheriff's office employees, based on an alleged failure to protect Jonathan from himself, the failure to provide appropriate medical treatment, and the use of excessive force.

12

If the district court agrees with this assessment, there no reason for repleading.[54]  The parties can proceed with discovery based on the above description of the plaintiffs' claims.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[55]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[56]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar

---

[54]Where the plaintiff has been given an opportunity to amend her complaint, the court may assume the plaintiff has pleaded her best case.  *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985).  *See also Dark v. Potter*, 293 Fed. App'x 254, 257 (5th Cir. 2008) (applying the rule to a pro se plaintiff's complaint and stating, "this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint").

[55]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[56]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[57]

     **SIGNED** on December 9, 2010.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[57]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).