# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN RAMIREZ by and through | § | |
| ERIC RAMIREZ, Administrator, | § | |
| Individually and in his Representative | § | |
| Capacity on Behalf of the Estate of | § | |
| Jonathan Ramirez, Deceased, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BEXAR COUNTY, TEXAS; | § | SA-10-CV-0296 FB (NN) |
| AMADEO ORTIZ, Bexar County Sheriff, | § | |
| in his Individual Capacity; | § | |
| UNKNOWN, UNNAMED OFFICERS/ | § | |
| EMPLOYEES OF THE BEXAR COUNTY | § | |
| SHERIFF'S OFFICE, Individually and | § | |
| Officially; BEXAR COUNTY HOSPITAL | § | |
| DISTRICT, | § | |
| | § | |
| **Defendants.** | § | |

### ORDER DENYING MOTION TO AMEND (Docket etnry 63)

This order addresses the plaintiff's motion to amend.  Plaintiff requested expedited consideration of the motion.

In the motion, the plaintiff seeks to amend his complaint to add three decedent-plaintiffs through their survivors.  Because the scheduling-order deadline for amending pleadings expired on September 17, 2010,[1] Rule 16(b) applies.[2]

Rule 16(b) provides that a scheduling order "may be modified only for good cause and

---

[1]Docket entry # 27 (setting deadline for moving to amend pleadings as Sept. 17, 2010).

[2]Fed. R. Civ. P. 16(b) (setting out requirements for scheduling orders); *S&W Enterprises v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (deciding Rule 16(b) applies after deadline for amending pleadings has expired).

with the judge's consent."[3]  "The good cause standard requires the 'party seeking relief to show

that the deadlines cannot reasonably be met despite the diligence of the party needing the

extension.'"[4]  In determining whether the good-cause standard has been met, the court considers

four factors:  (1) the movant's explanation for the failure to timely move for leave to amend, (2)

the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the

availability of a continuance to cure such prejudice.[5]

　　　　The plaintiff's motion does not address these factors.  Consequently, the plaintiff failed to

establish good cause.[3]  The motion (docket entry # 63)  is ORDERED DENIED.

　　　　**SIGNED** on March 31, 2011.


_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3]Fed. R. Civ. P. 16(b).

[4]*S&W Enterprises*, 315 F.3d at 535 (citation omitted).

[5]*S&W Enterprises*, 315 F.3d at 536.

[3]*Accord Garcia v. Unit Drilling Co*., 396 Fed. App'x 133, 136 (5th Cir. 2010) (affirming
denial of plaintiff's motion to amend her complaint where plaintiff offered no explanation for
delay in amending pleadings); *Smith v. BCE Inc*., 225 Fed. App'x 212, 217 (5th Cir. 2007)
(upholding denial of motion to amend where plaintiff failed to present arguments about the good-
cause factors); *Love v. Ford Motor Co.*, 212 Fed. App'x 292, 295 (5th Cir. 2006) (determining
that district court did not abuse its discretion in denying plaintiffs' motion to amend because
plaintiffs did not explain delay in seeking leave to amend).