# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN RAMIREZ by and through § <br> ERIC RAMIREZ, Administrator, § <br> Individually and in his Representative § <br> Capacity on Behalf of the Estate of § <br> Jonathan Ramirez, Deceased, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> BEXAR COUNTY, TEXAS; § <br> UNKNOWN, UNNAMED OFFICERS/ § <br> EMPLOYEES OF THE BEXAR COUNTY § <br> SHERIFF'S OFFICE, Individually and § <br> Officially; BEXAR COUNTY HOSPITAL § <br> DISTRICT, § <br> § <br> Defendants. § | | CIVIL ACTION NO. <br><br> SA-10-CV-0296 FB (NN) |

## ORDER DENYING MOTION FOR RECONSIDERATION

This order addresses the plaintiff's motion for reconsideration[1] of the court's order denying the plaintiff's motion to amend his complaint.[2] The plaintiff sought through an amendment to add three decedent-plaintiffs through their survivors. The court denied the plaintiff's motion to amend because the scheduling-order deadline for amending pleadings expired and because the plaintiff failed to establish good cause. In

---

[1]Docket entry # 66.

[2]Docket entry # 64.

his motion for reconsideration, the plaintiff attempted to show good cause.

The Federal Rules of Civil Procedure do not provide for a motion to reconsider the court's denial of a motion to amend a complaint. In the context of a motion to reconsider a summary judgment, the Fifth Circuit indicated that "the extent of the court's discretion to reopen the case and to consider the [new summary judgment] materials depends, in the first instance, on the particular Federal Rule of Civil Procedure under which the motion arises."[3]

After the pleading deadline expires, Rule 16(b) applies to a motion to amend.[4] That rule provides that a scheduling order "may be modified only for good cause and with the judge's consent."[5] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[6] In determining whether the good-cause standard has been met, the court considers four factors: (1) the movant's explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential

---

[3] *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990).

[4] Fed. R. Civ. P. 16(b) (setting out requirements for scheduling orders); *S&W Enterprises v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (deciding Rule 16(b) applies after deadline for amending pleadings has expired).

[5] Fed. R. Civ. P. 16(b).

[6] *S&W Enterprises*, 315 F.3d at 535 (citation omitted).

prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice.[7]

**The plaintiff's explanation for failing to timely move for leave to amend**. The plaintiff asserted that he could not have asked for leave to amend by the scheduling-order deadline because his attorney did not know the identity of the three additional decedent-plaintiffs by the deadline. The claims of three additional decedent-plaintiffs are not relevant to the plaintiff's claims. That the plaintiff's attorney did not know the identities of the three additional decedent-plaintiffs may explain why the three additional plaintiffs did not meet the deadline, but it does not explain why the plaintiff did not timely move for leave to amend. The proposed amendment indicates the plaintiff's attorney desires to litigate the claims of three new clients as part of this case, but it does not show that the plaintiff could not reasonably meet the deadline for amending his complaint. This factor weighs against reconsideration.

**The importance of the amendment**. The plaintiff asserted that the amendment is important because the additional decedent-plaintiffs also seek to bring a civil rights action against the same defendants based on the defendants' failure to provide proper medical care and protect them from undue harm. The plaintiff further asserted that the additional decedent-plaintiffs seek to allege violations of the same policies, procedures

---

[7]*S&W Enterprises*, 315 F.3d at 536.

and customs of the defendants. Those reasons do not establish importance as to the plaintiff. Instead, those reasons go to importance as to the additional plaintiffs. Importance of the claims of the additional plaintiffs may be addressed in another lawsuit.

All four decedents may have the same claims, but the allegations in the proposed amended complaint present distinct factual circumstances. For example, the allegations as to the three additional decedent-plaintiffs indicate those individuals had drug addictions and consumed illegal drugs prior to their deaths. Nothing indicates the plaintiff had a drug addiction or consumed illegal drugs prior to his death. Adding the claims of three additional decedent-plaintiffs would unnecessarily complicate this case, not only for the defendants, but also for the court. It took three motions to dismiss[8] and two report and recommendations[9] to identify and clarify the claims in the case. It will be burdensome on the defendants and the court to restart that process. The importance of the amendment weighs against reconsideration.

**The potential prejudice in allowing the amendment**. The plaintiff stated that the defendants will not be prejudiced because discovery is just beginning and because a single lawsuit with four plaintiffs will be less costly for the defendants than requiring

---

[8] Docket entry #s 13, 37 & 38.

[9] Docket entry # 23 & 57.

the defendants to appear and defend in separate lawsuits. The plaintiff asserted that the same defendants must be deposed as to each decedent-plaintiff.

This case was filed over a year ago. Discovery should have been well on its way to completion by now. Under the original scheduling order, discovery would have closed two months ago. Under the current scheduling order, discovery will close in eleven weeks. Adding the claims of three additional decedent-plaintiffs will require additional time for discovery. Delaying the adjudication of this case for additional discovery will prejudice the defendants, as well as the plaintiff, as time passes and memories fade. Also, nothing indicates defending a case brought by four decent-plaintiffs will be less costly than defending a case by the decedent-plaintiff.

Moreover, adding the claims of three decedent-plaintiffs poses a potential for prejudicing the defendants. Presenting evidence of the deaths of four jail inmates versus one jail inmate could prejudice the defendants and confuse a jury. In a case involving only one plaintiff, the court can control the prejudice flowing from evidence about other inmate deaths under Rule 403.[10] The potential for prejudice weighs against reconsideration.

**The availability of a continuance to cure such prejudice**. The plaintiff

---

[10]Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

5

contended that a scheduling-order amendment would cure any prejudice to the defendants because a trial date has not been set and because the motion to amend was filed three months before the current discovery deadline. Extending the scheduling order deadlines again will provide the defendants with additional time for preparing a defense, but it will not cure the prejudice resulting from adding claims by three plaintiffs. This factor weighs against reconsideration.

Because each of the "good cause" factors weighs against reconsideration, I DENY the plaintiff's motion for reconsideration (docket entry # 66).

**SIGNED** on April 28, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE