# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHAN RAMIREZ by and through** | § | |
| **ERIC RAMIREZ, Administrator,** | § | |
| **Individually and in his Representative** | § | |
| **Capacity on Behalf of the Estate of** | § | |
| **Jonathan Ramirez, Deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BEXAR COUNTY, TEXAS;** | § | **SA-10-CV-0296 FB (NN)** |
| **UNKNOWN, UNNAMED OFFICERS/** | § | |
| **EMPLOYEES OF THE BEXAR COUNTY** | § | |
| **SHERIFF'S OFFICE, Individually and** | § | |
| **Officially,** | § | |
| **BEXAR COUNTY HOSPITAL DISTRICT,** | § | |
| **d/b/a University Health Systems,** | § | |
| | § | |
| **Defendants.** | § | |

## THIRD REPORT AND RECOMMENDATION

**TO:**   **Honorable Fred Biery**
        **Chief United States District Judge**

The matters before the Court are defendants' motions for summary judgment.[1]

This report and recommendation recommends granting those motions and dismissing

this case for lack of subject matter jurisdiction.

---

[1]Docket entry #s 90 & 104.

1

**Brief summary of the case**.  This case arose from the suicide of a Bexar County Jail inmate—decedent Jonathan Ramirez.  Jonathan's death occurred on August 7, 2009.  The lawsuit was filed by Eric Ramirez under Texas's survival statute as Jonathan's surviving father and personal representative of Jonathan's estate.[2]  As defendants, Eric named Bexar County, Bexar County Sheriff's Office, Sheriff Amadeo Ortiz, and unknown sheriff's office employees.  Eric alleged violations of constitutional rights under 42 U.S.C. § 1983, racial discrimination under 42 U.S.C. § 1981, and state-law negligence.  Eric later amended the complaint to name the Bexar County Hospital District as a defendant.[3]  Since that time, certain claims and defendants have been dismissed.[4]

One month prior to the expiration of the statute of limitations, Eric's attorney provided documentation to opposing counsel revealing that Eric's parental rights were terminated on May 6, 2004.  Eric moved to amend the complaint to name Jonathan's

---

[2]Docket entry # 1.

[3]Docket entry # 33.

[4]Docket entry # 45 (dismissing: claims against Ortiz in his official capacity, claims against the Sheriff's Office, claims under 42 U.S.C. § 1981, claims for violations of First and Fifth Amendments, claims for state law negligence, claim under Texas Wrongful Death Act, and claim under Texas Tort Claims Act); docket entry # 56 (dismissing claims for violations of Fourth and Fourteenth amendments, claims against Ortiz in his individual capacity, and claim against the Hospital based on alleged use of excessive force).

sister, Monalisa Ramirez, as plaintiff on August 16, 2011.[5]  Shortly thereafter, the

defendants filed the dispositive motions which are the subject of this report and

recommendation.  In their motions, the defendants asked the court to dismiss the

amended complaint because: (1) Eric lacked standing or legal capacity to file this case,

and (2) the statute of limitations having expired, no estate was pending and no heir filed

any claims on behalf of Jonathan's estate.  Summary judgment is appropriate "if the

movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."[6]

   **Standing to file this lawsuit**.  "Standing is a jurisdictional requirement that

focuses on the party seeking to get his complaint before a federal court and not on the

issues he wishes to have adjudicated."[7]  To have standing, a plaintiff must have suffered

a concrete injury.[8]  Standing must exist at the time of filing a lawsuit.[9]  Otherwise, the

_____

   [5]Docket entry # 87.

   [6]Fed. R. Civ. P. 56(a).

   [7]*Pederson v. La. St. Univ*., 213 F.3d 858, 869 (5th Cir. 2000).

   [8]*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (explaining that to have standing, a plaintiff must have suffered an "injury in fact," that is, an invasion of a legally protected interest which is concrete and particularized).

   [9]*Pederson*, 213 F.3d at 869 ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).").  *See also Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099 (10th Cir. 2006) (stating that the court determines standing as of the time the action is brought; *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) ("Standing is established at the pleading

court lacks subject matter jurisdiction.

The concrete injury alleged in this case is the violation of Jonathan's rights under the Eighth Amendment.[10]  Ordinarily, a plaintiff may not claim standing to vindicate the constitutional rights of a third party.[11]  By filing this case, Eric sought to vindicate the constitutional rights of Jonathan as a deceased party.  Federal law does not address whether a civil rights action brought under section 1983 survives the death of a plaintiff.[12]  To determine whether a section 1983 action survives death and who may assert such a claim, the court  "must look to state survival statutes to determine who may bring a section 1983 claim."[13]

Under Texas's survival statute, an action for a decedent's claim "survives to and

_____

stage by setting forth specific facts that indicate that the party has been injured in fact or that injury is imminent, that the challenged action is causally connected to the actual or imminent injury, and that the injury may be redressed by the cause of action.").

[10]Eric's claims under the Eighth Amendment are: (1) a claim against the County for failing to protect Jonathan from himself, failing to provide appropriate medical treatment, and using excessive force; (2) a claim against the Hospital for deliberate indifference to Jonathan's serious medical needs; and (3) a claim against unknown sheriff's office employees for failing to protect Jonathan from himself, failing to provide appropriate medical treatment, and using excessive force.

[11]*See Barrows v. Jackson*, 346 U.S. 249, 255 (1953).

[12]*Matis v. Joseph*, No. 05-2615, 2008 WL 3850489, at * 1 (E.D. La. Aug. 14, 2008) ("Section 1983 does not on its face set forth a survival action or an action for wrongful death. In such situations, the most analogous state law is then applied as the federal rule unless that law is inconsistent with the purposes of Section 1983.").

[13]*Handley v. City of Seagoville*, 798 F. Supp. 1267, 1269 (N.D. Tex. 1992).

in favor of the heirs, legal representatives, and estate of the injured person."[14]   The

documentary evidence in this case shows that this case was not filed by an heir, legal

representative or someone with capacity to represent the estate of injured person.

**Whether Eric is Jonathan's heir**.  Texas defines "heir" as a person "entitled

under the statutes of descent and distribution to the estate of a decedent who dies

intestate."[15]  Jonathan died intestate and left no wife.  Where a person dies intestate

leaving no wife, the person's father may inherit the decedent's estate if the decedent has

no children.[16]  Jonathan had no children.  Eric is not an heir, however, because he

previously relinquished his parental rights.  Although Eric's attorney did not know Eric

lacked parental rights when the case was filed, the record now includes a 2004 state-

court order terminating Eric's parental rights.[17]  The termination order is premised on

Eric's affidavit of relinquishment of parental rights.[18]  In the affidavit, Eric stated that he

specifically and irrevocably relinquished the right to represent Jonathan in a legal action

and to inherit from and through his children.[19]  The effect of the termination decree is

---

[14]Tex. Civ. Prac. & Rem. Code § 71.021(b).

[15]Tex. Probate Code Ann. § 3(o).

[16]*See* Tex. Probate Code Ann. § 38.

[17]Docket entry # 90, A-2.

[18]Docket entry # 91, ex. D.

[19]*Id.* at para. 3.

that the law no longer recognizes Eric as Jonathan's father.  Accordingly, Eric lacked

standing to sue as an heir.

**Whether Eric is Jonathan's legal representative**.  It is undisputed that Eric is not

Jonathan's legal representative.  The record includes Eric's affidavit voluntarily

relinquishing his parental rights, to include the right to represent Jonathan in a legal

action.[20]  Eric lacked standing to sue as a legal representative.

**Whether Eric can sue on behalf of Jonathan's estate.**  A decedent's estate "is not

a legal entity and may not properly sue or be sued as such,"[21] but Texas law provides

for capacity for a third party to sue on the estate's behalf.[22]  Capacity is a plaintiff's legal

authority to go into court to prosecute a lawsuit.[23]  A plaintiff has capacity to sue when

he "has legal authority to act, regardless of whether it has a justiciable interest in the

controversy."[24]  "In general, only the estate's personal representative has the capacity to

---

[20]*Id.*

[21]*Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).  *See Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996) ("A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.").

[22]*Lovato*, 171 S.W.3d at 849.

[23]*Jones*, 182 S.W.3d at 457.

[24]*R & R White Family Ltd. P'ship v. Jones*, 182 S.W.3d 454, 457 (Tex. App.–Texarkana 2006, no pet.).

bring a survival claim."[25]

Here, Eric lacked legal authority to file this lawsuit on behalf of Jonathan's estate. Eric's irrevocable relinquishment of the right to represent Jonathan in a legal action and termination of his parental rights bars Eric from ever obtaining authority to act on the behalf of Jonathan's estate.  Eric lacked legal capacity to file this lawsuit.

**Whether the proposed amendment cures Eric's lack of capacity**.  Eric seeks to amend his complaint to name Jonathan's sister as the representative of Jonathan's estate.[26]  On June 13, 2011, Jonathan's eighteen-year-old sister, Monalisa, applied for letters of administration in the state probate court, seeking an appointment as administrator of Jonathan's estate and stating that Eric is disqualified from serving as administrator of Jonathan's estate.[27]  In his motion for leave to amend—filed two months later on August 16, 2011—Eric characterized the amendment naming Monalisa as the estate's representative as a name change.  Eric contends his proposed third amended complaint relates back to the original filing date.[28]

"When a person is appointed administrator of an estate,…she acquires the

---

[25]*Lovato*, 171 S.W.3d at 850.

[26]Docket entry # 101, pp. 5-6.

[27]Docket entry # 90, exh. B.

[28]Docket entry # 101, p. 8.

capacity to assert a survival claim on the estate's behalf."[29]  "The relation-back doctrine

has been applied to cure capacity issues, but it cannot retroactively

create…jurisdiction."[30]  Although the Supreme Court of Texas has allowed alleged

personal representatives to obtain the probate court's authority to represent an estate

after filing a lawsuit on behalf of an estate, that court has not permitted subsequent

pleadings to create jurisdiction over new parties retroactive to the original filing of the

suit.[31]  By amending, Eric seeks to circumvent the statute of limitations and create

jurisdiction.

At this point, even Monalisa lacks capacity to sue on behalf of Jonathan's estate.

She has not been appointed as the administrator of Eric's estate.  The Supreme Court of

---

[29]*Gomez v. Texas Windstorm Ins. Ass'n*, No. 13-04-598-CV, 2006 WL 733957, at * 1
(Tex. App.—Corpus Christi Mar. 23, 2006, pet. denied).

[30]*Armes v. Thompson*, 222 S.W.3d 79, 84 (Tex. App.—Eastland 2006, no pet.)
(discussing creation of personal jurisdiction).  In *Austin Nursing Center v. Lovato*, the
Supreme Court of Texas held that a post-limitations amendment cured the plaintiff's
pre-limitations lack of capacity where she filed a timely original petition alleging her
representative status to bring a survival claim and then acquired capacity to maintain
the survival claim after the expiration of the statute of limitations."  *See Lovato*, 171
S.W.3d at 852–53.  In *Lorentz v. Dunn*, 171 S.W.3d 854, 856 (Tex. 2005), the Supreme
Court of Texas determined a "survival claim was not time-barred because the plaintiff,
who was not an heir and did not have capacity to represent the estate at the time of
filing the original petition, cured her pre-limitations lack of capacity through her
post-limitations appointment as administrator of the estate."  *Damian v. Bell Helicopter
Textron*, No. 02–08–00210–CV, 2011 WL 3836464, at * 12 (Tex. App.—Fort Worth
Aug. 31, 2011, no pet. h.) (designated for publication).

[31]*See Armes*, 222 S.W.3d at 84.

Texas has never permitted a third party without capacity to file pre-limitations a lawsuit on behalf of a decedent, and then substitute post-limitations a different third party who also lacks capacity to substitute as plaintiff in hopes of obtaining capacity and curing jurisdiction.[32]   There is no authority for permitting Eric to overcome limitations by substituting a plaintiff.   The error of Eric's authorities lies in his reliance on cases in which the plaintiff had standing to sue in the first instance.   Eric lacked standing because he is neither an heir, legal representative or administrator of Jonathan's estate.

**Eric's motion to amend**.   Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the deadline set by the scheduling order has expired.[33] The deadline for amending pleadings in this case—September 17, 2010—has expired. Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[34]   "The good cause standard requires the 'party seeking relief

---

[32]*But see Flores v. Cameron Cnty.*, 92 F.3d 258, 273 (5th Cir.1996) (permitting surviving mother who lacked capacity to sue on behalf deceased son's estate to amend her complaint to name herself as plaintiff and temporary administrator of son's estate even though limitations period had expired); *Davis v. Preston*, 16 S.W.2d 117, 118 (Tex. 1929) (permitting surviving spouse's post-trial, post-limitations amendment to substitute herself as plaintiff administrator of deceased husband's estate in lieu of herself as a plaintiff individually); *Pratho v. Zapata*, 157 S.W.3d 832, 842 (Tex. App.—Fort Worth 2005, no pet.) (permitting decedent wife's post-trial, post-limitations amendment to substitute as plaintiff decedent's daughter as administrator of decedent's estate because wife pleaded and proved standing as an heir at the time of trial).

[33]*S&W Enterprises v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).

[34]Fed. R. Civ. P. 16(b).

to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[35]  In determining whether the good-cause standard has been met, the court considers four factors:  (1) the movant's explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice.[36]

Eric's explanation for failing to timely ask to amend.  Eric's explanation for not timely asking to amend is that he did not know he relinquished his parental rights. That explanation is incredible considering the clarity of his affidavit relinquishing his parental rights.[37]  Had the Hospital's attorney not pressed Eric to prove his standing and/or capacity, Eric would have pursued this case despite having relinquished his parental rights.  When questioned by his attorney, Eric reported that Child Protective Services (CPS) had been involved with his family, but stated that his parental rights had not been terminated.  When the attorney pressed Eric to review Jonathan's CPS case, Eric became agitated and stated he no longer wanted to be involved in this case.  That reaction is inconsistent with his stated intention to vindicate the violation of Jonathan's

---

[35]*S&W Enterprises*, 315 F.3d at 535 (citation omitted).

[36]*S&W Enterprises*, 315 F.3d at 536.

[37]Docket entry # 91, ex. D.

rights.

Even when it became apparent that Eric was disqualified from pursuing Jonathan's claims in this case, Eric delayed in requesting leave to amend. Monalisa applied for letters of administration on June 13, 2011. Eric's attorney provided the defendants' counsel with a copy of the order terminating Eric's parental rights on July 6, 2011. Yet Eric did not move to amend his complaint until August 16, 2011, after the statute of limitations expired. There is no adequate explanation for the untimely request leave to amend. Eric's explanation for his failure to timely amend weighs against an amendment.

The importance of the amendment. The amendment is critical to the presentation of Jonathan's claims. However, Eric voluntarily and irrevocably relinquished all rights and duties with respect to Jonathan. Jonathan's eighteen-year-old sister did not step forward to intervene or apply to become personal representative for the estate until after it was discovered that Eric cannot serve as Jonathan's representative in this lawsuit. In this situation, the court must question whether vindication of Jonathan's rights has sufficient importance to either Eric or Monalisa. On balance, this factor weighs neither for or against the amendment.

Potential prejudice and the availability of a continuance. The passage of time has already prejudiced the defendants' abilities to defend themselves. Adding a new

11

plaintiff would necessarily require extending the scheduling order deadlines to allow the defendants to conduct discovery as to Monalisa.  The scheduling order deadlines have been extended several times.  The passage of time resulting from another delay will prejudice the defendants' abilities to defend themselves even further.  A continuance cannot cure prejudice resulting from the passage of time.  The prejudice in allowing the amendment and the inability of a continuance to cure that prejudice weigh against the proposed amendment.

**Conclusion**.  Eric filed this case without standing or legal capacity.  Eric is not a survivor under Texas's survival statute.   Accordingly, this case was not filed by a survivor within the statute of limitations and should be dismissed.

The good-cause factors weigh against allowing Eric to amend his complaint.  Eric failed to show good cause for failing to timely move for leave to amend.  Even if the court had acquired jurisdiction within the statute of limitations, because Eric failed to establish good cause for his late-filed motion for leave to amend, there would be no basis for amending the complaint to substitute Monalisa as the plaintiff.

The court lacks subject matter jurisdiction because the case was not filed by a survivor.  To the extent, Eric relies on case law about a defendant's waiver of capacity for failing comply with Texas Rule of Civil Procedure 93,[38] that rule's requirements have

---

[38]Docket entry # 101, p. 2 (relying on *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).  *See Nootsie*, 925 S.W.2d at 662 (explaining that

no bearing in this case.[39]  Likewise, the arguments about attorney representations in July and August 2011, when it became apparent that Eric's parental rights had been terminated, have no bearing on whether the court has subject matter jurisdiction.

**Recommendation.**  I recommend granting the motions for summary judgment (docket entry #s 90 & 104) and dismissing this case for lack of subject matter jurisdiction. Accepting this recommendation will moot the following motions: (1) motion to exclude testimony of defendants' expert witness (docket entry # 84);  (2) Eric's opposed motion to file the third amended complaint (docket entry # 87); (3) the Hospital's opposed motion to file an amended answer (docket entry # 89); and (4) the County's opposed motion to file an amended answer (docket entry # 92).

**Instructions for Service and Notice of Right to Object/Appeal.**  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same,

---

Texas Rule of Civil Procedure 93(1) requires a verified pleading to challenge the plaintiff's legal capacity to sue and stating that failing to comply with the rule waives the right to complain about capacity).

[39]Fed. R. Civ. P. 1 (providing that Federal Rules of Civil Procedure govern civil actions in federal court).

unless this time period is modified by the district court.[40]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[41]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[42]

     **SIGNED** on September 29, 2011.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[40]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[41]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[42]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

14